JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MARY ANN HRINKO

**DEFENDANTS**
MARRIOTT INTERNATIONAL, INC

**(b)** County of Residence of First Listed Plaintiff: LACKAWANNA Co. PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: MONTGOMERY CO. MD
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph F. Schwartz, Esq.
42 W. Lancaster Ave. Ardmore, PA 19003
610.658.1900

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332

Brief description of cause:
Fall - Bed too high per disability standards

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 10-17-18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

18   4487

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 634 Laurel St. Dickson City, PA 18519

Address of Defendant: 18400 Fernwood Rd. Bethesda, MD 20817

Place of Accident, Incident or Transaction: 1212 Pacific Ave, Atlantic City, NJ

---

**RELATED CASE, IF ANY:**

Case Number _____ Judge. _____ Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/18/18                    Attorney-at-Law / Pro Se Plaintiff                    87550
                                                                                       *Attorney I D # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
    *(Please specify)* _____

B. **Diversity Jurisdiction Cases:**
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify)* Fall  ☒
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
    *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Joseph Schwartz, counsel of record or pro se plaintiff, do hereby certify

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

OCT 18 2018

DATE 10/18/18                    Attorney-at-Law / Pro Se Plaintiff                    87550
                                                                                       *Attorney I D # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

MARY ANN HRINKO              :       CIVIL ACTION
                             :
         v.                  :
                             :
MARRIOTT INTERNATIONAL, INC. :       NO.
                             :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                                       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.                           ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                                   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                                       (X)

10-17-18                    /s/                              PLAINTIFF
_____          _____               _____
Date                        Attorney-at-law                  Attorney for

610.658.1900                610.658.0668                     JSCHWARTZ@
                                                             SILVERANDSILVER.COM
_____          _____               _____
Telephone                   FAX Number                       E-Mail Address


(Civ. 660) 10/02

SILVER & SILVER                                         JURY TRIAL DEMANDED
By: Joseph F. Schwartz, Esquire
Identification No.: 87550
42 W. Lancaster Ave., Third Floor
Ardmore, PA 19003
(610) 658 – 1900                                          Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARY ANN HRINKO                 :         Civil Action
        v.                      :         No.
MARRIOTT INTERNATIONAL, INC.    :

CIVIL ACTION COMPAINT
PREMISES LIABILITY

1. Plaintiff Mary Ann Hrinko (hereinafter referred to as "Plaintiff") is an adult individual residing at 634 Laurel Street, Dickson City, PA 18519 and is a resident and citizen of Pennsylvania.

2. Defendant Marriott International, Inc. (hereinafter "Defendant") is a Delaware Corporation, with its headquarters at 10400 Fernwood Road, Bethesda, Maryland 20817.

3. Venue is proper because Defendant continuous and systematic affiliations in the Eastern District of Pennsylvania and can be served here at its regular place of business, a hotel which it operates at 21 N Juniper St, Philadelphia, PA 19107.

4. Venue is proper because the amount in controversy is in excess of $150,000, exclusive of interests and costs.

5. Venue is proper because Plaintiff is a citizen of Pennsylvania and there is complete diversity of citizenship between the Plaintiff and Defendant in this matter.

6. Defendant registered itself with the Pennsylvania Corporations Bureau to do business in the Commonwealth of Pennsylvania.

1

7. Pursuant to 42 Pa.C.S.A. Section 5301(a)(2), by registering to do business in the Commonwealth of Pennsylvania, Defendant has consented to general personal jurisdiction in Pennsylvania.

8. At all times material hereto, Defendant owned, managed, operated, possessed, maintained, and/or controlled a hotel located at 1212 Pacific Ave, Atlantic City, NJ 08401 (hereinafter referred to as "the premises").

9. At all times material hereto, the premises held itself out to the public as the Courtyard by Marriott Atlantic City.

10. At all times material hereto, the premises was at all times material hereto featured on the Marriott.com website, which is controlled by Defendant.

11. Defendant is a leading global lodging company with more than 6,700 properties.

12. The premises was at all times material hereto one of Defendant's properties.

13. At all times material hereto, Defendant acted and/or failed to act by and through its employees, agents, servants, and/or representatives, who were acting within the course and scope of their employment and on behalf of Defendant.

14. On or about July 12, 2018, Plaintiff was a paying hotel guest on the premises.

15. Plaintiff chose to stay on the premises because it was marketed to the public as part of the Marriott brand, which she trusted based upon its reputation, history and advertising to the public.

16. Plaintiff is a disabled individual and uses a wheelchair for mobility.

17. Plaintiff had requested that Defendant provide her with a room designed to accommodate disabled guests.

18. Defendant was aware of Plaintiff's disability when they provided her with a hotel room.

19. Defendant provided Plaintiff with a room which they had told her was designed to accommodate disabled guests (hereinafter "the room").

20. The bed in the room was too high to be safely used by Plaintiff.

21. The room was not compliant with applicable Federal regulations pertaining to hotel accommodations for disabled guests.

22. Due of Defendant's failure to comply with applicable Federal regulations the bed in the room was too high to be safely used by Plaintiff.

23. Defendant's decision to violate applicable Federal regulations regarding the height of the bed in the disabled access hotel room provided to Plaintiff created a foreseeable risk of harm to Plaintiff.

24. Because the bed was too high, Plaintiff fell while trying to get into the bed.

25. Because of this fall, Plaintiff suffered serious injuries, including, but not limited to a hematoma in her left leg which required surgical intervention, hospitalization for more than a week, inpatient rehabilitation for more than two weeks and has resulted in sepsis and cellulitis requiring additional in-patient hospitalization.

26. At all times material hereto, Plaintiff was a business invitee lawfully upon Defendant's premises.

27. At all times material hereto, Defendant owed a duty to Plaintiff to keep the premises free from unreasonable or hazardous conditions.

28. At all times material hereto, Defendant owed a duty to Plaintiff to follow applicable Federal regulations applicable to the accommodation of disabled individuals.

29. At all times material hereto, Defendant owed a duty to Plaintiff to make sure that they did not negligently injure hotel guests.

3

30. Defendant knew or should have known that their actions would create a risk of harm to Plaintiff.
31. This accident was reasonably foreseeable to Defendant and could have been prevented if Defendant had taken reasonable actions.
32. Defendant's breach of its duty to Plaintiff caused this accident.
33. At all times material hereto, Plaintiff acted in a reasonable and prudent manner and was free from any comparative negligence.
34. At all times material hereto, Plaintiff did not assume the risk of her injuries.
35. The aforementioned incident and resulting injuries and/or damages sustained by Plaintiff directly and proximately resulted from the negligence of Defendant, whose conduct consisted, in addition to the facts stated elsewhere in the complaint, of the following:
    (a) Putting a bed in the room which was too high to be safely used by individuals with disabilities, including Plaintiff;
    (b) putting a bed in the room which violated applicable Federal safety regulations;
    (c) failing to adequately train employees in safety standards for disabled guests, including Plaintiff;
    (d) failing to conduct a reasonable investigation to identify the hazardous condition of the bed;
    (e) failing to act when Defendant received prior complaints about the safety of the beds in their disabled accommodation rooms;
    (f) failing to inspect the bed in the room to make sure it was safe for individuals with disabilities, including Plaintiff;

 (g) failing to inspect the bed in the room to make sure it complied with applicable Federal safety standards;

 (h) failing to implement policies and practices for accommodating disabled hotel guests safely;

 (i) failing to regard the rights, safety, and position of Plaintiff in and about the area of the aforementioned accident;

 (j) failing to take reasonable care in the area where Plaintiff fell so as to lessen or eliminate the hazardous and dangerous condition caused by the bed;

 (k) failing to inspect and maintain the premises, and correct the hazardous condition of the bed;

 (l) failing to warn the public, in general, and Plaintiff, in particular, of the dangerous and hazardous condition caused by the aforementioned bed;

 (m) failing to post adequate warning signs, barriers, and/or barricades in an effort to alert business invitees/licensees of the dangerous conditions which existed; and

 (n) failing to take affordable and reasonable measures to make the hazard safe.

36. As a result of Defendant's negligent conduct, as described above, Plaintiff has suffered and in the future will continue to suffer great pain, agony, mental anguish, and loss of life's pleasures and has been and in the future will be hindered from fully participating in her usual daily activities.

37. As a result of Defendant's negligent conduct, as described above, Plaintiff has suffered and in the future will continue to suffer pain and suffering; disability/impairment; loss of enjoyment of life; and disfigurement.

38. As a result of Defendant's negligent conduct, as described above, Plaintiff has been and may in the future be compelled to expend large sums of money for physicians, medicine, diagnostic tests, and the like, in an effort to permanently and thoroughly cure herself of the injuries and suffering which were brought about as a result of Defendant's actions.

39. As a further result of Defendant's negligent conduct, as described above, Plaintiff has incurred and will in the future continue to incur financial expenses or losses, which exceed or will exceed the amount which she may otherwise be entitled to recover.

### COUNT I – NEGLIGENCE
**Plaintiff v. Marriott International, Inc.**

40. The preceding paragraphs are incorporated by reference as if fully set forth below.

WHEREFORE, Plaintiff Mary Ann Hrinko respectfully requests this Honorable Court to enter a judgment in her favor and against Defendant Marriott International, Inc. in an amount in excess of one hundred fifty thousand ($150,000.00) dollars in addition to interests, costs, and delay damages to the full extent available under the law

SILVER & SILVER

By: _____
Joseph F. Schwartz, Esquire
Attorney for Plaintiff

Date:   October 17, 2018